56 CCPA

**KRAMER TRENTON CO., Appellant,**

v.

**Carl O. WALCUTT, dba the Winterizer Company, Appellee.**

**Patent Appeal No. 8136.**

United States Court of Customs and Patent Appeals.

April 3, 1969.

W. Saxton Seward, New York City (Robert I. Dennison, Donald L. Dennison, Washington, D. C., of counsel), for appellant.

Mahoney, Miller & Rambo, Eugene J. Mahoney, Columbus, Ohio, for appellee.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and McGUIRE*, Judges.

BALDWIN, Judge.

This appeal is from the decision[1] of the Trademark Trial and Appeal Board dismissing an opposition by Kramer Trenton Company to the application[2] of Carl O. Walcutt, dba The Winterizer

---

* Senior Judge, United States District Court for ·the District of Columbia, sitting by designation.

1. Abstracted, 152 USPQ 839.

2. Serial No. 199,645, filed August 10, 1964.

Company, to register the trademark WINTERIZER for goods described as "refrigerator system" asserting use since December 31, 1963. Appellant, Kramer Trenton Company, opposed on the ground of likelihood of confusion, based upon its registered trademark WINTERSTAT [3] for "evaporative refrigeration system designed automatically to maintain constant head pressure," asserting use since February 3, 1954.

In its opinion the board noted certain testimony of appellant-opposer's witness that the marks were used on competitive goods. The board then stated:

> Since applicant does not dispute that opposer is here the prior user, or that the goods of the parties are competitive, the sole issue to be determined in this proceeding is whether or not the resemblances between applicant's mark and that of opposer are such as to be likely to cause confusion or mistake or deceive.

> In this regard, the resemblances between "WINTERIZER" and "WINTERSTAT" reside solely in the fact that each thereof includes the word "WINTER" which, in our opinion, would be likely to suggest to purchasers the fact that the goods of both parties will perform efficiently under all winter conditions when the condensing systems thereof are placed outdoors. Considering the suggestiveness of these marks, and the differences between them, when considered in their entireties, it is concluded that there is no reasonable likelihood of purchasers being confused, mistaken, or deceived as to the origin thereof.

■■ On appeal, appellant appears to be taking a position that the appellee is really seeking to appropriate the goodwill associated with appellant's mark.[4] In this connection, appellant points to his prior entry into the field by some ten years accompanied by a considerable advertising expenditure in that period devoted to promoting the mark WINTERSTAT, and to appellee's admitted knowledge of appellant's mark prior to filing the application now before us. Further pursuing this approach, appellant draws particular attention to appellee's refusal to accept a registered letter (of record) mailed by appellant attempting to place appellee on notice of trademark infringement. These matters, even if *arguendo* given the construction appellant asserts, would bear only upon appellee's intent in selecting his mark and, as has been indicated in other cases, intent is not necessarily controlling in an opposition proceeding. Shoe Corp. of America v. Juvenile Shoe Corp. of America, 266 F. 2d 793, 46 CCPA 868, (1959); Lever Brothers Co. v. Riodela Chemical Co., 41 F.2d 408, 17 CCPA 1272 (1930); The School Mfg. Co., Inc. v. Principle Business Enterprises, Inc., 150 USPQ 217 (TTAB 1966). Therefore, we believe the determinative issue here was correctly stated by the board in the earlier-quoted portion of their opinion.

■■ Thus, all we are required to consider here is the likelihood of confusion, mistake, or deception as to the origin of the goods arising from the resemblance of the marks themselves, WINTERIZER and WINTERSTAT. Bearing in mind that the goods here involved are purchased by discriminating purchasers and that there is no similarity in the marks other than the use of the suggestive prefix WINTER- we agree with the board that there is an insufficient likelihood of confusion to justify sustaining the opposition.

The decision of the board is affirmed.

Affirmed.

WORLEY, C. J., took no part in the decision of this case.

---

3. Registration No. 605,149, registered April 26, 1955.

4. Thus appellant, in his brief, states:
   The justifiable legal inference from the shown and proven facts in the record and from applicant's inability to contradict, or even weaken, the same, is that applicant was a deliberate commercial poacher seeking to invade opposer's territory on a broad scale * * *.